UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONALD WORDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 2:05-CV-405 PS |
| v. ) | |
| ) | |
| HIDDEN CREEK APARTMENTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Ronald Words, a *pro se* plaintiff, has submitted a complaint and an application to proceed *in forma pauperis*. Before allowing the case to proceed, the Court must first review the complaint under 28 U.S.C. § 1915(e)(2)(B)(i), which provides that the "court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . ." *Id.*

Mr. Words names two defendants: Hidden Creek Apartments and its property/office manager "Donna," whom he alleges was formerly known as "Mary." (Compl. 11 [Doc. 1].) Mr. Words alleges that he is being threatened with eviction. He alleges that his neighbors commit indecent sex acts with their blinds open and that the manager "says that sex and nudity is OK if [they're] 'in the comforts of their own home' even with the blinds wide open." (*Id.* 10-11.) He states that:

> Because of the problems I started having I kept a camera on me in case something happened so that I could have evidence to support my claim to both the apartment complex and any authorities that I wound up consulting with about my problems. I did catch some indecent things on camera. Some police who I know are also a

>part of this scheme confiscated my camera and told me that they were going to arrest me for voyeurism if I took pictures of people around there.

(*Id.* 9.)  He further explains that, "[o]ne of the officers introduced himself as officer 'Bell' which ties him to the Bell Corp." (*Id.*)  Later Mr. Words alleges:

>The management at this complex is affiliated with the phone company and are helping the head of SBC attempt to carry out his intention for me which include death and entrapment.
>
>They are also putting my daughter[']s well being at risk because they know [t]hat he wishes to have custody of her and have heard what his wishes for her are.

*Id.*

>In a separate case filed by Mr. Words, he stated:
>
>On about 6/6/05 representatives from Devry were on my phone with the head of SBC/AT&T.  The President Pete was forwarding all of my calls to his location and had several individuals representing several services that I use present.  This happened when I was about to do some telemarketing on my new business line.  Some of the individuals followed me to a club the previous weekend and told me what was going to happen so I alerted the authorities.  One of his plans was to murder me and purchase my 8 year old daughter to molest and abuse her.

(*Words v. Devry Univ.*, No. 2:05-CV-403 (N.D. Ind. filed November 9, 2005), Compl. 7. )

The Seventh Circuit has previously noted in affirming a dismissal of a *pro se* complaint as frivolous that "[s]ometimes . . . a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."  *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002), *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).  Unfortunately, Mr. Words' claims fall into this category.  For the foregoing

reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the Application to Proceed *In Forma Pauperis* [Doc. 2] is **DENIED.**

    **SO ORDERED.**

    ENTERED: November 23, 2005

Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
